M. B. PATTON *et al., Appellants,* V. THE HAMILTON
COAL AND MERCANTILE COMPANY, *Appellee.*

No. 16,392.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Advancements by Tenant—Action by
Lessor for Royalties.* Where a lessee, at the time of making
the lease, deposits money with the lessor as an advance pay-
ment of certain sums to become due by the terms of the lease
from time to time, the lessor has no cause of action against
the lessee to recover any such sums of money which have be-
come due while a sufficient amount of the deposit remains in
his hands to discharge the same.

Appeal from Crawford district court; ARTHUR FUL-
LER, judge. Opinion filed March 12, 1910. Affirmed.

STATEMENT.

THE appellants brought action in the district court
of Crawford county and in their petition alleged that
on January 6, 1908, they were the owners of certain
described land; that on that day they entered into a
written contract with the appellee by the terms of
which, in consideration of certain royalties to be paid,
they granted to the appellee the right to mine the coal
from the land; that $15,000 advance royalty was paid
by the appellee to them as provided by the contract
January 28, 1908; that by the terms of the contract and
before the commencement of the action the appellee
should have paid them $240 on or before September 25,
1908, $240 on or before October 25, 1908, and $240 on
or before November 25, 1908; and that the appellee
wholly neglected and refused to pay any portion of such
sums. Judgment in the sum of $720 and all proper
relief was prayed for.

By the terms of the contract the lessee was to pay
the lessors eight cents per ton for all coal mined, to
conduct the mining in good and workmanlike manner,
industriously and actively, and to continue mining until

6—82 KAN.

all the coal under the land, of a marketable quality, which could be taken out profitably should be mined. The lease is long and provides the manner of weighing, reporting weights and other details. The portions of the lease under which the controversy arose are in the following:

(1) "It is further agreed that the said party of the second part shall pay or cause to be paid as a minimum royalty to the said parties of the first part the sum of two hundred forty ($240) dollars per month, or at the rate of eight (8) cents per ton on three thousand (3000) tons of coal, whether this amount of coal shall have been mined during any one month or not, but it is also agreed that if by reason of strikes or accidents or by any other cause the said party of the second part shall fail to mine three thousand (3000) tons of coal during any one month during the continuance of this grant and shall have paid to the parties of the first part the sum of two hundred forty ($240) dollars, or such part thereof as may be possible *pro rata*, shall be credited upon the amount of royalty due for any subsequent month which royalty for [such] subsequent month is in excess of the sum of two hundred forty dollars, or which amount of coal so mined is in excess of three thousand tons.

(2) "It is further agreed that the said party of the second part shall pay to the said parties of the first part the sum of fifteen thousand ($15,000) dollars, which is an advance upon royalty hereafter to become due to the said parties of the first part from the said second party from the mining of coal from the said land, as aforesaid.

(3) "It is agreed that the minimum royalty hereinbefore referred to shall commence upon the first.day of August, 1908, but it is also understood that this agreement shall not be deemed a waiver to royalty on any coal which may be mined prior to that date."

To this petition the appellee filed a general demurrer, which the court sustained, and exception thereto was made. The appellants declining further to plead, judgment was rendered against them for costs.

*O. T. Boaz,* for the appellants.

*Glasse & Burton,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The questions presented depend entirely upon the construction to be given to the contract. The appellants contend that the paragraphs of the contract copied above are determinative of the controversy; that by the terms of the second paragraph the $15,000, admitted to have been paid, is an advance payment of royalty for coal actually mined, while the first paragraph requires the payment of $240 per month after and including August, 1908, whether any coal is mined or not. In other words, it seems to be conceded that if 3000 tons or more of coal were mined each month the royalty therefor might properly be deducted from the $15,000 advanced, but if no coal, or less than 3000 tons, be mined in a certain month the $240 or the royalty on the coal not mined necessary to make up 3000 tons could not be so paid.

We can not accept this construction of the contract. The second paragraph provides, in relation to the application of the $15,000: "Which is an advance upon royalty hereafter to become due to the said parties of the first part from the said second party from the mining of coal from the said land, as aforesaid"—not from "coal mined" but from "mining coal." The entire contract relates to mining coal, and the minimum royalty due after August, 1908, is $240 per month.

The $15,000 is not subject to forfeiture, but is a deposit as security for the payment of any royalties which may become due by the terms of the contract, whether by reason of mining less or more than 3000 tons per month. (*Cunningham v. Stockon,* 81 Kan. 780.)

Under the contract the plaintiffs had the right to pay themselves $240 as royalty out of the deposit on the 25th of September, October and November. They have

no cause of action against the appellee so long as they have sufficient money of the appellee's in their own hands which was deposited for the purpose of paying in advance the very obligations on which judgment is sought.

The judgment is affirmed.